UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| GAZMEN GJINI,<br>    Petitioner,<br><br>v.<br><br>WARDEN ANTONIO SANTIAGO,<br>    Respondent. | :<br>:<br>:<br>:   Case No. 3:17-cv-00662 (VLB)<br>:<br>:<br>: |

## ORDER

The Petitioner, Gazmen Gjini, is incarcerated at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut. He brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2013 convictions for possession of narcotics and engaging in police pursuit.

The Petitioner states that he appealed his conviction to the Connecticut Appellate and Supreme Courts. The petition for writ of habeas corpus, however, does not state the grounds raised on appeal to either the Connecticut Appellate Court or the Connecticut Supreme Court.

The petition appears to include only one ground for relief. The Petitioner claims that his conviction and sentence were "obtained in violation of his federally protected constitutional rights under the Fifth, Sixth and Fourteenth Amendment[s] of the United States Constitution." Pet. Writ Habeas Corpus, ECF No. 1 at 7. The Petitioner does not describe how the conviction or sentence violated any of the three Constitutional amendments. Nor does he attach copies of any of the state court decisions to his petition.

As a preliminary matter, the petition is not filed on a court form. Instead, the Petitioner has filed a handwritten petition for writ of habeas corpus. Because Local Rule 8(b) requires that petitions for writ of habeas corpus be filed on court forms, the petition is procedurally deficient. This deficiency is not merely formulaic as the forms are designed to elicit the information necessary to make out a claim, including the specific facts constituting a constitutional violation absent in this petition.

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that a "petition must: (1) specify all grounds for relief available to the Petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury." Because the Petitioner has not stated the ground or grounds for relief with sufficient specificity or included any facts in support of the ground or grounds, the petition is substantively deficient and does not comply with Rule 2(c), Rules Governing Section 2254 Cases.

Accordingly, the Court directs the Petitioner to file an amended petition for writ of habeas corpus using the Court's 28 U.S.C. § 2254 form. The Petitioner must answer all questions on the habeas petition form and should include the grounds on which he seeks to proceed and the facts supporting and explaining each ground in the spaces provided on the form.

## Conclusion

The Court directs the Petitioner to file an Amended Petition on a Section 2254 court form within twenty-one (21) days from the date of this order. The Clerk is directed to send the Petitioner a copy of this order, an Amended Section 2254 Habeas Corpus Petition form and a copy of the petition for writ of habeas corpus, ECF No. 1.

If the Petitioner chooses not to file an amended petition on the Court's form or fails to identify the ground or grounds for relief with sufficient specificity and provide facts in support of each ground on or before August 3, 2017, the case will be dismissed without further notice from the Court.

SO ORDERED at Hartford, Connecticut this 13th day of July, 2017.

_____/s/_____
VANESSA L. Bryant
UNITED STATES DISTRICT JUDGE